1
2
3
4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6

7    CYMEYON V. HILL,                    Case No.  24-cv-03519-YGR  (PR)

                  Plaintiff,             **ORDER OF PARTIAL DISMISSAL;**
8                                        **SERVING COGNIZABLE CLAIM;**
        v.                               **REFERRING CASE TO PRO SE**
9                                        **PRISONER MEDIATION PROGRAM**
     MEDICAL STAFF SANTIAGOS, et al.,    **FOR GLOBAL SETTLEMENT**
10                                       **PROCEEDINGS; STAYING ACTION;**
                  Defendants.            **AND DIRECTIONS TO CLERK**
11

12   **I.    INTRODUCTION**

13          Plaintiff, a civil detainee currently being held in custody at Napa State Hospital ("NSH"),

14   filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Venue is proper because the

15   events giving rise to the claim is alleged to have occurred in NSH, which is located in this judicial

16   district.  *See* 28 U.S.C. § 1391(b).  Plaintiff's motion for leave to proceed *in forma pauperis* will

17   be granted in a separate order.

18          Plaintiff has named as defendants four members of the medical staff at NSH: Medical Staff

19   Santiagos, Tom, Monique and Jennie Clay.  Dkt. 1 at 2.[1]  Plaintiff seeks punitive and nominal

20   damages.  *Id.* at 3.

21   **II.   DISCUSSION**

22          **A.    Standard of Review**

23          A federal court must conduct a preliminary screening in any case in which a prisoner seeks

24   redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

25   § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

26   that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

27

28          [1] Page number citations refer to those assigned by the Court's electronic case management
     filing system and not those assigned by plaintiff.

United States District Court
Northern District of California

1    monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

2    pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

3    Cir. 1988).

4        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

5    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

6    the alleged violation was committed by a person acting under the color of state law.  *West v.*

7    *Atkins,* 487 U.S. 42, 48 (1988).

8        **B.    Legal Claims**

9        Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of

10   insanity, alleges the following took place on May 10, 2024.  Dkt. 1 at 3.  Defendant Santiagos told

11   plaintiff while he was in "Unit T8" that he was a "fucking nigger and that he would be punished

12   for filing lawsuits and grievances."  *Id.*  Defendant Santiagos also told plaintiff that defendants

13   Monique and Clay told defendant Santiagos "that plaintiff would suffer [i]n Unit T8."  *Id.*

14       To state a claim for First Amendment retaliation against a government official, a plaintiff

15   must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was

16   subjected to adverse action by the defendant that would chill a person of ordinary firmness from

17   continuing to engage in the protected activity; and (3) there was a substantial causal relationship

18   between the constitutionally protected activity and the adverse action.  *Mulligan v. Nichols*, 835

19   F.3d 983, 988 (9th Cir. 2016).  Plaintiff has stated a cognizable First Amendment retaliation claim

20   against defendants Santiagos, Monique, and Clay.

21       To the extent that plaintiff's complaint states a claim against defendants Santiagos,

22   Monique, and Clay of verbal harassment and threats, such a claim is DISMISSED.  *See Freeman*

23   *v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to

24   state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th

25   Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked

26   threat was for purpose of denying access to courts compel contrary result).

27   **III.    PRO SE PRISONER MEDIATION PROGRAM**

28       The Northern District of California has established a Pro Se Prisoner Mediation Program.

United States District Court
Northern District of California

United States District Court
Northern District of California

Certain prisoner civil rights cases may be referred to a neutral magistrate judge for settlement proceedings.  The proceedings will consist of one or more conferences as determined by Magistrate Judge Robert M. Illman.  The conferences shall be conducted with Plaintiff as well as Defendants and/or the representative for Defendants attending by videoconferencing.

Good cause appearing, the present case will be REFERRED to Magistrate Judge Robert Illman for global settlement proceedings pursuant to the Pro Se Prisoner Mediation Program, involving the instant matter and other cases filed by plaintiff.  Such proceedings shall take place within 120 days of the date this Order is filed, or as soon thereafter as Magistrate Judge Illman's calendar will permit.  Magistrate Judge Illman shall coordinate a place, time, and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

## IV.    CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff has stated a cognizable First Amendment retaliation claim against defendants Santiagos, Monique, and Clay.

2.     Plaintiff's claim against defendants Santiagos, Monique, and Clay of verbal harassment and threats is DISMISSED.

3.     Plaintiff's action is referred to the Pro Se Prisoner Mediation Program for global settlement proceedings, involving the instant matter and other cases filed by plaintiff.  The Clerk is directed to serve Magistrate Judge Illman with a copy of this order and to notify Magistrate Judge Illman that a copy of the court file can be retrieved from the Court's electronic filing database.

4.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following defendants: **Medical Staff Santiagos, Tom, Monique and Jennie Clay at Napa State Hospital, ATTN: Litigation Coordinator, 2100 Napa Vallejo Hwy, Napa, CA 94558.**  The Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco.

United States District Court
Northern District of California

1    Additionally, the Clerk shall mail a copy of this Order to plaintiff.

2        5.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

3    requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

4    Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on

5    behalf of plaintiff, to waive service of the summons, fail to do so, defendants will be required to

6    bear the cost of such service unless good cause be shown for the failure to sign and return the

7    waiver form.  If service is waived, this action will proceed as if defendants had been served on the

8    date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be

9    required to serve and file an answer before **sixty (60) days** from the date on which the request for

10   waiver was sent.  (This allows a longer time to respond than would be required if formal service of

11   summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the

12   waiver form that more completely describes the duties of the parties with regard to waiver of

13   service of the summons.  If service is waived after the date provided in the Notice but before

14   defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on

15   which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed,

16   whichever is later.

17       6.      All communications by Plaintiff with the Court must be served on Defendants or

18   Defendants' counsel, once counsel has been designated, by mailing a true copy of the document to

19   them.

20       7.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

21   informed of any change of address and must comply with the Court's orders in a timely fashion.

22   Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes

23   while an action is pending must promptly file a notice of change of address specifying the new

24   address.  *See* L.R. 3-11(a).  The Court may dismiss without prejudice a complaint when: (1) mail

25   directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and

26   (2) the Court fails to receive within sixty days of this return a written communication from the *pro*

27   *se* party indicating a current address.  *See* L.R. 3-11(b).

28       8.      Upon a showing of good cause, requests for a reasonable extension of time will be

4

granted provided they are filed on or before the deadline they seek to extend.

9.      In view of the referral to the Pro Se Prisoner Mediation Program, after the operative complaint has been served on the aforementioned named defendants against whom plaintiff has alleged cognizable claim(s), all other further proceedings in this case are hereby STAYED.  If the case is not settled, the Court will enter a scheduling order for further proceedings.

IT IS SO ORDERED.

Dated:  January 7, 2025

_____
YVONNE GONZALEZ ROGERS
United States District Judge